UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES GARNETT, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:05 CV 324 |
| CITY OF GARY, *et al.* | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

James Garnett, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under FED.R.CIV.P. 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Garnett seeks monetary damages from the State of Indiana and the City of Gary for the denial of the right to confront and cross examine the victim during his criminal trial in city court and for being subjected to double jeopardy. This complaint does not state a claim. There are many reasons for dismissal, but the court need not list every possible basis. Rather the court will list only some of the most significant reasons.

The Eleventh Amendment precludes damage claims against States. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Therefore the State of Indiana must be dismissed.

Despite the name of the court, the City of Gary is not liable for the judicial decisions of the Gary City Court.

> For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). A plaintiff must show that municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

*Frake v. City of Chicago*, 210 F.3d 779 (7th Cir. 2000) (parallel citations omitted). The City of Gary does not dictate policy governing judicial rulings for criminal defendants double jeopardy and confrontation rights. Therefore the City of Gary must be dismissed.

The only two named defendants are now dismissed, but even if Mr. Garnett had named the state court judge, the state court or the prosecutor, they are immune from suit for these claims. *Stump v. Sparkman*, 435 U.S. 439, 359 (1978) (A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Neither could he sue his defense attorney, if he had one in that proceeding, under 42 U.S.C. § 1983, because a defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**SO ORDERED**.

**Enter**: August 29, 2005

                                                                  s/James T. Moody  
                                                           JUDGE JAMES T. MOODY  
                                                           UNITED STATES DISTRICT COURT